UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSE CLARK on behalf of<br>Minor Children A.H. ,D.H. ,<br>and R.M.<br>5904 Konga Dr.<br>Cleves, OH 45002<br><br>   Plaintiff,<br><br>v.<br><br>SOUTHWEST LOCAL SCHOOL<br>DISTRICT<br>10800 Campbell Rd.<br>Harrison, OH 45030<br><br>And<br><br>SOUTHWEST LOCAL SCHOOL<br>DISTRICT BOARD OF<br>EDUCATION<br>10800 Campbell Rd.<br>Harrison, OH 45030<br><br>And<br><br>CHRISTIAN TRACY, in his<br>Individual and official capacities<br>230 Elm St.<br>Harrison, OH 45030<br><br>   Defendants. | Case No. 1:23-cv-60<br><br>Judge: |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Rose Clark, on behalf of minor children A.H., D.H., and R.M., for her Complaint against Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy in his individual and official capacities states as follows:

1

I.  PRELIMINARY STATEMENT

1. This action arises under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d., 42 U.S.C. §1983, the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C §701, *et seq*. Ms. Clark, on behalf of her three minor children, D.H., R.M., and A.H., who are students at Harrison Junior School in Defendant Southwest Local School District, alleges that Defendant discriminated against her children in violation of their rights under the United States Constitution and Title VI by its deliberate indifference to the severe and pervasive racial harassment directed at A.H., D.H., and R.M. by other students, and in some instances, teachers at the school. Additionally, Ms. Clark, on behalf of D.H., alleges that the Defendant discriminated against him in violation of his rights under the Rehabilitation Act and the Americans with Disabilities Act by its failure to accommodate his disability.

2. Ms. Clark seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for the economic and noneconomic injuries suffered by A.H., D.H., and R.M., injunctive relief, equitable relief and punitive damages. Finally, Ms. Clark seeks payment of her reasonable attorney fees and costs.

II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. §2000d, 42 U.S.C. §1983, 42 U.S.C. §12132 *et seq.*, and 29 U.S.C. § 701, *et seq*.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

III.  PARTIES

5. Plaintiff Rose Clark is a United States citizen and a resident of Cleves, Ohio. She is the mother and natural guardian of A.H., D.H., and R.M. Ohio. Ms. Clark brings this suit on behalf of her minor children who are students at Harrison Junior School, which is part of the Southwest Local School District.

6. Defendant Southwest Local School District is a political subdivision located in Hamilton County, Ohio. The Southwest Local School District operates several public schools in and around Harrison, Ohio, including Harrison Junior School, and is an instrumentality of a local government pursuant to 42 U.S.C. §2000d(1)(A).

7. Defendant Southwest Local School District Board of Education is a political subdivision located in Hamilton County, Ohio. The Southwest Local School District Board of Education is a local educational agency pursuant to 42 U.S.C. §2000d-4a(2)(B) that is responsible for the administration and operation of the Southwest Local School District.

8. Defendant Christian Tracy is a United States citizen and resident of Hamilton County. Mr. Tracy is named in his individual and official capacities as the principal of Harrison Junior School.

## IV. STATEMENT OF THE CASE

9. Harrison Junior School ("HJS") is a public middle school within the Southwest Local School District. Christian Tracy is the principal of HJS.

10. A.H., D.H., and R.M. are minor children and students at HJS. A.H. began attending HJS in 2020, D.H. in 2021, and R.M. in 2022. At the time of filing, A.H., D.H., and R.M. are in eighth, seventh, and sixth grade, respectively.

11. A.H., D.H., and R.M. are African American. African American students make up a small minority of students at HJS.

12. A.H., D.H., and R.M. have each been subjected to severe and pervasive racial harassment by other students and, on occasion, teachers at HJS. This harassment includes the frequent use of derogatory racial slurs, such as, "boy," "monkey," and "nigger," and being spoken to in an affected "slave master" voice. This harassment also includes bullying targeting A.H., D.H., and R.M. due to their race, and teachers singling them out for harsher punishment due to their race.

13. The racially hostile environment was immediately apparent when A.H. began attending HJS in 2020. The conduct of the students went far beyond simple acts of teasing or name calling and was severe and pervasive enough during the 2020-21 school year that Ms. Clark was prompted to contact Principal Tracy to report harassment on several occasions during that period.

14. When D.H. began at HJS in 2021, the harassment escalated to such a degree that Ms. Clark estimates she contacted Principal Tracy over a dozen times that year. For example, on one occasion, Ms. Clark met in person with Principal Tracy to review video footage of a student intentionally walking past D.H. during recess and, in D.H.s earshot, saying "nigger." Following that particular meeting, Principal Tracy met with D.H. and the offending student together and offered D.H. the choice of suspending the offending student or forgiving the student. In that case, under obvious pressure, D.H. offered to forgive the offending student. Defendants took no corrective action against the student, who continued to harass D.H.

15. Defendants' failure to discipline offending students did nothing to remedy the racial harassment, which continued in the 2022 school year.

16. For example, on one occasion, a student approached a teacher while D.H. was in earshot and asked, "Do you like doing going to the zoo?" When the teacher responded,

4

"Yes," the student replied, "Well, you don't have to go far, you've got a monkey here in class," and pointed at D.H. The teacher did not correct or discipline the student for the blatantly racist comment.

17. On yet another occasion, during one of D.H.'s classes, while students were passing around craft supplies to complete classwork, one of D.H.'s classmates started yelling at him to pass a glue stick. The teacher singled D.H. out as the disruption, and rather than allowing D.H. to continue his classwork, made D.H. leave his desk and sit on the floor next to the teacher's desk for the rest of class. When the teacher did this, other students in the class mocked D.H. by making monkey noises at him. As the students were leaving the class, several made racist comments in the presence of the teacher, such as one student telling D.H., "why don't you go back down on the floor, monkey." The teacher who overheard the comment took no action to correct or discipline the students.

18. On another occasion, a student showed D.H. a "grabbing" hand motion and told him to imitate it. When D.H. made the hand motion, the student laughed and told him "Now you're practicing picking my cotton."

19. Additionally, when R.M. and D.H. ride the bus to and from school, they are frequently mocked and told to "go sit in the back of the bus." This harassment has on at least one occasion resulted in D.H. being disciplined for standing up on the bus succumbing to the demands that he go to the back of the bus.

20. In addition to these specific instances of harassment, which Ms. Clark reported to Principal Tracy during the 2022, A.H., D.H., and R.M. are subjected daily to racial harassment which is so frequent that it is the expected norm for a given school day that the children will be racially harassed.

21. Throughout the three years that A.H., D.H., and/or R.M. have been enrolled at HJS, Ms. Clark has complained to Principal Tracy on multiple occasions and in specific terms about the racial bullying that A.H., D.H., and R.M. have been subjected to in the school. In instances where she was able, Ms. Clark provided the names of the students responsible for the harassment. However, it is also often the case that the harassment is committed by unknown students, or students who have no personal connection to A.H., D.H., and/or R.M.

22. For example, in or around December 2022, several younger students unknown to A.H., yelled at her that she was a monkey as she walked by them. On another occasion in January, 2023, a student bumped A.H.'s shoulder as they passed each other in the hall and told her "get out of my way, monkey." As another example, students regularly yell slurs or make monkey noises in the stairwells, where the echoes project their voices up multiple landings and hide which student actually made the comment.

23. The harassment has had a marked effect on A.H., D.H., and R.M., all of whom have suffered severe emotional distress as a result of the conduct. A.H., for example, turned the following poem in as classwork:

> "Just another day. Just another day, I'm stuck in this school with people who don't care about my wellbeing. Just another day, the white people don't see what I'm seeing. Just another day, my color is hurt, beat and abused, Just another day they still don't get why that word shouldn't be used. Just another day, Hold it in real tight, because all they see is my black that's wrong, and the white that's right. Just another day, don't say anything even if you know it's wrong. Just another day, shut up, go along. Just. Another. Day."

A.H., D.H., and R.M. dread going to school, and their classwork, grades, and attendance have precipitously dropped as a result of the hostility they each experience on a daily basis at HJS.

24.     The cumulative result of the frequent, objectively offensive, racial harassment of A.H., D.H., and R.M., which has continued unabated for nearly three years, has been the creation of a hostile environment in the school, and the deprivation of the educational benefit of learning in a supportive scholastic environment free of racism and harassment.

25.     Principal Tracy has acknowledged that he is aware of the racial bullying targeting A.H., D.H., and R.M. Moreover, Principal Tracy has acknowledged that there is a general attitude in the community that racially discriminatory behavior is acceptable.

26.     Despite Principal Tracy's knowledge of the continuing racial harassment, neither he nor other school or district officials have taken reasonable, customary corrective or disciplinary action to remedy the harassment. Indeed, contrary to Principal Tracy's assurances that the harassment would be addressed, the severity of the bullying has only escalated.

27.     Nonetheless, Plaintiff is not aware of any corrective or remedial action taken by Principal Tracy or any other official of the District, HJS, or Board of Education, to address the racial harassment.

28.     The racial harassment remains ongoing, severe, and pervasive.

29.     Principal Tracy's failure to take reasonable, adequate, or customary remedial action to correct the severe and pervasive racial harassment at HJS is willful and deliberate, and undertaken in conscious disregard to A.H., D.H., and R.M.'s constitutionally and federally protected rights.

Case: 1:23-cv-00060-DRC Doc #: 1 Filed: 01/31/23 Page: 8 of 14 PAGEID #: 8

30. As a result of Defendants' deliberate indifference to the severe and pervasive racial harassment to which students and teachers at HJS have subjected and continue to subject A.H., D.H., and R.M., Ms. Clark, A.H., D.H., and R.M. have suffered damages, including emotional distress.

31. In addition, D.H. suffers from nephritis, a chronic kidney disease. Nephritis substantially limits the regular function of D.H.'s renal system, and the major life activity of urinating.

32. Due to D.H.'s disability, he was placed on an accommodation plan called a "504 plan." The 504 Plan is reviewed yearly by the school counselor with Ms. Clark, and provides that D.H. is to be permitted to use the restroom immediately and excused from class as needed to do so.

33. At least one of D.H.'s teachers, Becky Albernick, refuses to comply with the 504 plan. Instead, Ms. Albernick requires D.H. to complete his classwork prior to using the restroom.

34. According to Ms. Albernick, D.H. completes his work with more focus and efficiency if he is not allowed to use the restroom.

35. This contradicts D.H.'s accommodation plan, causes him physical pain, and endangers his health by potentially exacerbating his condition.

36. Ms. Clark has complained directly to Ms. Albernick about this conduct, however, Ms. Albernick has continued to fail to accommodate D.H.'s disability.

37. As a result of Defendants' refusal to accommodate D.H.'s disability, D.H. has suffered damages, including emotional distress.

## VI. STATEMENT OF THE CLAIMS

**Count 1: Race Discrimination (42 U.S.C. § 2000d)**

8

38. Plaintiff incorporates the previous paragraphs numbered 1-37 as if fully rewritten and restated herein.

39. Defendants Southwest Local School District and Southwest Local School District Board of Education are local education agencies and receive Federal financial assistance.

40. Defendant Christian Tracy is the Principal of Harrison Junior School and is an official of the Southwest Local School District and Board of Education with authority to take corrective action to address issues of harassment in the school.

41. A.H., D.H., and R.M., have been subjected to severe, pervasive, and objectively offensive harassment by other students at Harrison Junior School in the form of the use of racial slurs, being shamed and/or humiliated due to their race, and being the target of frequent pejorative reference to their race.

42. Such harassment is frequent, pervasive, and objectively offensive, and cumulatively resulted in a hostile environment at HJS.

43. Such harassment, and the school administration's deliberate indifference to the harassment, has deprived A.H., D.H., and R.M. of access to the educational opportunities or benefits provided by HJS.

44. Principal Tracy has actual knowledge of the harassment, both of specific instances of harassing conduct and of the hostile environment created by severity and pervasiveness of the harassment.

45. Principal Tracy has had the opportunity to rectify the hostile environment during the three years that A.H., D.H., and R.M., have been students at HJS.

46. Plaintiff is not aware of any remedial action taken by Defendants to correct the harassment.

47. To the extent that any remedial action has been taken, it is inadequate and unreasonable.

48. The hostile environment is ongoing and has the effect of depriving A.H., D.H., and R.M. of the educational benefit of learning in a supportive, scholastic environment free of racism and harassment.

49. Defendants Southwest Local School District, Board of Education, and Christian Tracy in his individual and official capacities have been deliberately indifferent to the harassment directed toward A.H., D.H., and R.M. in violation of Federal law, regulations, and relevant guidance.

50. As a result of Defendants' illegal actions, A.H., D.H., and R.M., have suffered damages, including emotional distress.

51. Defendants Southwest Local School District, Board of Education, and Christian Tracy in his individual and official capacities have acted with malice and conscious disregard for A.H., DC., and R.M.'s rights under federal law not to be excluded from participation in, denied the benefits of, or be subjected to discrimination in public education because of their race.

## Count 2: Equal Protection (42 U.S.C. §1983)

52. Plaintiff incorporates the previous paragraphs numbered 1-51 as if fully rewritten and restated herein.

53. A.H., D.H., and R.M. have been subjected to a hostile environment at Harrison Junior School because of their race.

54. The right to be free from racial harassment in the school environment is clearly established. *Brooks v. Skinner,* 139 F. Supp. 3d 869 (S.D. Ohio 2015).

55. The racial harassment which created and continues to create the hostile environment is sufficiently frequent, pervasive, and objectively offensive that A.H., D.H., and R.M. were denied their right to public education.

56. Defendants Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy in his individual and official capacities, had actual knowledge of the racial harassment directed against A.H., D.H., and R.M.

57. Despite Defendants' actual knowledge of racial harassment and a racially hostile environment, they did not take reasonable, customary, or adequate action to correct, remedy or prevent the racial harassment.

58. Such inaction, in light of known circumstances, constituted deliberate indifference to racial harassment by Defendants.

59. Defendants Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy, in his individual and official capacities, were deliberately indifferent to racial harassment against A.H., D.H., and R.M., in violation of the Equal Protection Clause of the Fourteenth Amendment.

60. Defendants' deliberate indifference was part of and consistent with a policy, practice or custom in HJS and the Southwest Local School District, that such racial harassment was acceptable.

61. As a result of Defendants' pattern, practice, and custom of inaction in response to racial harassment, A.H., D.H., and R.M., have been subjected to a hostile environment and suffered damages, including emotional distress.

62. Such hostile environment, and the school administration's deliberate indifference to the harassment that created it, has deprived A.H., D.H., and R.M. of equal protection of the law, to access to the educational opportunities or benefits provided by HJS.

63. Defendants Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy, in both his individual and official capacities, acted with malice and a conscious disregard for A.H., D.H., and R.M.'s rights under the United States Constitution to not be denied equal protection of the law due to their race.

**Count 3: Disability Discrimination (29 U.S.C. §701 *et seq* and 42 U.S.C. §12132)**

64. Plaintiff incorporates the previous paragraphs numbered 1-62 as if fully rewritten and restated herein.

65. Harrison Junior School is a public school and a service or program of public entities, Southwest Local School District and Southwest Local School District Board of Education.

66. D.H. suffers from a disability.

67. D.H. is qualified for participation in or the benefits of attending Harrison Junior School.

68. D.H. was evaluated and placed on an accommodation plan, "504 Plan" because of his disability.

69. Multiple teachers who are employees of Defendant School District and Board of Education, denied and continues to deny D.H. the accommodations outlined in his 504 plan.

70. Because of Defendants' denial of his accommodations, D.H. is excluded from, denied the benefits of, and subjected to discrimination due to his disability.

71. Because of Defendants' denial of D.H.'s accommodations, Defendants failed to provide D.H. with a free appropriate public education due to his disability in violation of the Americans with Disabilities Act and the Rehabilitation Act.

72. Because of Defendants' illegal actions, D.H. suffered damages, including emotional distress and physical suffering.

73. Defendants Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy, in both his individual and official capacities, acted with malice and a conscious disregard for D.H.'s right under federal law to free appropriate public education and to not be subjected to discrimination in public education on account of a disability.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendants Southwest Local School District, Southwest Local School District Board of Education, and Christian Tracy, in his individual and official capacities as follows:

1. An award of compensatory damages for all economic damages suffered by Plaintiff in an amount to be determined at trial, plus interest;

2. Equitable relief in the form of an order compelling Defendants to enact policies and take appropriate action to remedy the pervasive environment of racial discrimination in HJS;

3. An award of compensatory damages for all noneconomic damages suffered including for emotion distress, pain and suffering;

4. An award of punitive damages;

5. An award of Plaintiff's reasonable attorney fees and costs; and

6. An award of any other relief in law or equity to which Plaintiff is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
Dennis A. Gleason (OH No. 0099045)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@mezibov.com
mmezibov@mezibov.com
dgleason@mezibov.com

*Attorneys for Plaintiff Rose Clark*

## JURY DEMAND

Plaintiff Rose Clark demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)